UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |   |                      |
|----------------------------------------------|---|----------------------|
| MENSAH MANFRED DZANKU,                       | ) |                      |
|     Plaintiff,           | ) |                      |
|                                              | ) |                      |
| v.                                           | ) | CIVIL ACTION         |
|                                              | ) | NO. 16-40017-TSH     |
| MEGAN J. BRENNAN,                            | ) |                      |
| Postmaster General of the United States,     | ) |                      |
|     Defendant,           | ) |                      |

# MEMORANDUM OF DECISION AND ORDER
### September 6, 2017

**HILLMAN, D.J.**

## Background

Mensah Manfred Dzanku ("Dzanku" or "Plaintiff") has filed an Amended Complaint (Docket No. 6) against Megan J. Brennan, Postmaster General of the United States ("Postmaster General")[1] alleging claims for discrimination based on race, in violation of Title VII of the Civil

---

[1] Dzanku originally filed suit against the United States Equal Employment Opportunity Commission ("EEOC"). *See* Complaint (Docket No. 1). This Court advised him that the EEOC is not the proper defendant and gave him thirty-five days to file an amended complaint naming his former employer as defendant. *See Mem. And Order*, dated August 9, 2016 (Docket No. 5)("Prior Order"). Dzanku then timely filed his Amended Complaint naming the United States Postal Service as defendant. However, in suits brought against the United States Postal Service under Title VII, the head of the agency, *i.e.*, the Postmaster General, is the only properly named defendant. *See* 42 U.S.C. §2000e-16(c). There appears to be a split of authority as to whether Postal Service or the Postmaster General is the appropriate party for suits brought under the ADEA. *See Ellis v. U.S. Postal Service,* 784 F.2d 835 (7th Cir. 1986)(Postmaster General is appropriate party under ADEA), *Meyer v. Runyon*, 869 F.Supp.70, 76 (D.Mass. 1994)(same); *but see Shostak v. United States Postal Service*, 655 F.Supp. 764 (D.Me. 1987)(ADEA does not require that claims brought against the United States Postal Service be brought only against Postmaster General). The prevailing position appears to be that like Title VII, the proper party to an ADEA action is the Postmaster General. Accordingly, Dzanku's Amended Complaint is subject to dismissal for failure to name the proper party. However, for purposes of its motion, the Postmaster General does not seek dismissal of the Amended Complaint on

Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and age, in violation of Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §633a, *et seq.*

This Memorandum of Decision and Order addresses Defendant's Motion To Dismiss, Or, In The Alternative, For Summary Judgment (Docket No. 12). For the reasons set forth below, the Defendant's motion to dismiss is *granted*.

## Facts

The following facts are stated in a light most favorable to the Plaintiff, as the non-moving party.

By letter dated October 26, 2011, the United States Postal Service ("Postal Service") informed Dzanku that his employment as a Postal Support Employee had been terminated. Dzanku first contacted an Equal Employment Opportunity ("EEO") counselor in 2014.[2] Dzanku reported the date of the incident as October 18, 2011.

On August 13, 2015, the EEOC sent Dzanku a Dismissal and Notice of Rights ("Dismissal Notice") pursuant to which it notified him that it was closing the file on his claim after adopting the finding of the state or local fair employment agency that had investigated the charge. The Notice informed Dzanku that he had a right to file a lawsuit alleging violation of

---

this ground. Therefore, for purposes of this Memorandum and Decision and Order, I will assume that Dzanku has brought his claims against the proper party, *i.e.,* the Postmaster General.

[2] The Postmaster General has attached a copy of the EEO Dispute Resolution Specialist's Inquiry Report ("EEO Report") to its memorandum in support of its motion to dismiss. The Postmaster General contends that in deciding its motion to dismiss for failure to exhaust, the Court may consider matters filed outside of the pleadings without converting such motion to one for summary judgment. I agree. More specifically, "[o]n a motion to dismiss, the court may properly take into account four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint." *Nolet v. Armstrong*, 197 F. Supp. 3d 298, 308 n.8 (D. Mass. 2016). There can be no question that the EEO Report is central to Dzanku's employment discrimination claims and therefore, may be considered by the Court on a motion to dismiss.

Title VII or the ADEA in federal or state court "**WITHIN 90 DAYS of you receipt of this notice;** or your right to sue based on this charge will be lost." Dzanku was not in the United States when the notice was mailed to him; he returned to the United States on December 28, 2015 and did not see the Notice until January 2016.

Dzanku filed suit in this Court on February 22, 2016, naming the EEOC as defendant. However, because the EEOC was not the proper party to this action, he was notified that his action was subject to dismissal unless he amended his pleading to name the proper party (his former employer). Dzanku filed his Amended Complaint on August 16, 2016. *See supra*, note 1. Set forth below is the entirety of the averments contained in the Amended Complaint:

1. I am a resident of Worcester, Massachusetts.
2. The United States Postal Service is the Defendant.
3. I was not in the country when the attached Notice of Dismissal was mailed to me by the U.S. Equal Employment Opportunity Commission. I am appealing the dismissal of my discrimination case against The United States Postal Service.
4. I did not return to the United States until December 28, 2015 and did not see the Dismissal Notice until January 2016.
5. I have a valid claim of discrimination on the basis of my age and race for my wrongful termination (see attached letter).[3]

## Discussion

Whether the Action should be dismissed for Failure to Exhaust Administrative Remedies

The Postmaster General contends that Dzanku's claims are barred because he failed to initiate contact with an EEO counselor within 45 days of the alleged discriminatory/personnel

---

[3] Dzanku referenced the Notice and the termination letter in his original pleading and attached copies of each thereto (the only difference between the original complaint and the Amended Complaint is the name of the defendant). While the Amended Complaint states that the two documents are attached, Dzanku did not attach copies of these documents to his Amended Complaint (he did attach a copy of the termination letter to the cover letter accompanying the pleading). Because Dzanku did refer to these documents in the Amended Complaint, the Court may consider their content in deciding the Postmaster General's motion to dismiss. *See* note 2, *supra.*

3

action act as required by 29 C.F.R. §1614.105(a)(1)(federal employee must initiate contact with EEO counselor within 45 days of date of alleged discrimination). Should EEO counseling efforts fail, a federal employee then has 15 days after receipt of notice to file an administrative complaint. *See Id.*, at §1614.106(b). A federal employee's failure to timely pursue his administrative remedies may cause him to lose his right to seek *de novo* review in federal court. However, while the exhaustion of administrative remedies requirement is a pre-requisite to filing suit in federal court, it is not jurisdictional and, therefore, is subject to the equitable defenses of waiver, estoppel and tolling. *See MacDougall v. Potter*, 421 F.Supp.2d 124, 128 (D.Mass. 2006). Moreover, "a federal employer waives its affirmative defense of untimely exhaustion when it fails to raise a challenge to timeliness until after a Final Agency Decision ("FAD") on the merits of a complaint." *Id.* at 129. At the same time, because the exhaustion requirement is a condition precedent to the United States' waiver of its sovereign immunity, doctrines such waiver, estoppel and tolling are to be applied sparingly and construed narrowly. *See Vera v. McHugh*, 622 F.3d 17, 30 (1st Cir. 2010). Additionally, it is the employee's burden to prove that waiver, estoppel or tolling is warranted. *See Kwatowski v. Runyon*, 917 F.Supp. 877 (D.Mass. 1996).

In this case, both parties have submitted copies of the Dismissal Notice pursuant to which the EEOC notified Plaintiff that it was adopting the findings of the local EEO agency that had investigated his charge and accordingly, was dismissing his case. However, neither party has provided the Court with a copy of the local agency decision. For that reason, the Court cannot at this time determine if the EEOC dismissed his claim on the grounds it was time barred, or whether the EEOC denied the claim on the merits.[4] Put another way, I cannot on this record

---

[4] The Postmaster General has submitted the EEO Investigative Affidavit of Arthur A. Ledeux to establish that EEO Notice No. 72, which advise postal employees of the time limits for pursuing an EEO complaint were

4

determine whether Plaintiff has an argument that the Postmaster General waived the affirmative defense of failure to exhaust. Therefore, the Postmaster General's motion to dismiss for failure to exhaust administrative remedies is denied.

### Whether The Complaint Should Be Dismissed For Insufficiency of Process

The Postmaster General also asserts that the Amended Complaint must be dismissed for failure to effect timely service of process on the agency. The Amended Complaint was filed on August 19, 2016. Pursuant to Fed.R.Civ.P. 4(m), if the complaint is not served on the defendant within 90 days after it is filed, the court may dismiss the complaint without prejudice against the defendant, *or* order that service be made within a specified period. However, if the plaintiff establishes good cause for the failure to make timely service of process, "the court must extend the time for service for an appropriate period." *Id.* The Federal Rules of Civil Procedure provide that service is made on the *United States* by delivering a copy of the summons and complaint to the United States attorney for the district where the actions is brought. *See* Fed.R.Civ.P. 4(i). However, to effect service on a *United States agency* (such as the Postal Service) *or United States officer/employee sued in his/her official capacity* (such as the Postmaster General), a party must serve the United States "*and also send a copy of the summons and of the complaint by registered or certified mail to the agency ... officer, or employee .*" *Id.*

---

posted in the facility where Dzanku worked and records establishing that Dzanku received EEOC training. These documents are not referenced in the Amended Complaint, are not documents of undisputed authenticity, are not matters about which the Court may take judicial notice, and are not documents that are central to Dzanku's claims and, therefore, cannot be considered by the Court without converting the motion to dismiss into one for summary judgment. Since consideration of these documents will not resolve the issue of whether the Postmaster General waived Dzanku's failure to timely file his EEO complaint, I decline to treat the Postmaster General's motion as one for summary judgment and therefore, decline to consider them.

On September 9, 2016, the Court ordered the issuance of a summons to the Plaintiff; the summons, United States Marshal Service forms and instructions for effecting service were mailed to him that same date. *See* Docket No. 7. On November 10, 2016, Dzanku filed a return receipt showing that the summons and complaint were served on the United States. *See* Docket No. 9. On that same date, Dzanku filed a return receipt showing that he instructed the U.S. Marshal Service to serve copies of the summons and complaint on the "U.S. Postal Service". The U.S. Marshal Service noted that service was not made because no address had been provided. Dzanku's receipt also shows that copies of the summons and complaint were served on the United States Attorney General. *See* Docket No. 10.

In his opposition to the motion to dismiss, Dzanku states that he believes he did what this Court instructed by delivering the copy of the summons and Amended Complaint to the U.S. Marshal Service with instructions to serve the Postal Service. However, the receipt which was returned to Dzanku clearly shows that the U.S. Marshal Service never served the pleading on the U.S. Postal Service because he had failed to provide an address for the agency. Given that the Court specifically directed Dzanku to the provisions of the Federal Rules of Civil Procedure governing service of process on government agencies (specifically, Fed.R.Civ.P. 4(i)), I do not find that he has established "good cause" for the failure to serve the Postal Service. Moreover, since, for the reasons set forth below, I find that the Amended Complaint fails to state a claim, it would be futile to grant Dzanku an extension of the time for completing service. Accordingly, the Postmaster General's motion to dismiss for insufficiency of service is granted.

<u>Whether The Amended Complaint Should Be Dismissed For Failure to State a Claim</u>

The Postmaster Gemeral asserts that the Amended Complaint contains only "skeletal allegations" and should be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Dzanku asserts that under the Federal Rules of Civil Procedure he is entitled to notice pleading and therefore, his allegations are adequate.

<em><u>Standard of Review</u></em>

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

### *Does the Amended Complaint Comply With Iqbal Twombly*

Plaintiff's Amended Complaint consists of five sentences, and the only substantive allegation is the following conclusory statement: "I have a valid claim of discrimination on the basis of my age and race for my wrongful termination (see attached letter)." As noted previously, *see* note 3, *supra*, the letter was not attached to the Amended Complaint, but assuming it's the letter referred to in the original pleading, the letter simply notifies Dzanku that he has been terminated. Although Dzanku asserts a claim for race and age discrimination, his pleading does not state his age or identify his race, give *any* details surrounding the circumstances of his termination, or allege *any* other facts which would support a finding that he was terminated on the bases of his age and/or race. Such bare bones, conclusory allegations, which would not have met the standard for notice pleading pre-*Iqbal/Twombly*, fall far short of stating a claim that is plausible on its face. Accordingly, the Postal Service's motion to dismiss for failure to state a claim is granted.

### **Conclusion**

Defendant's Motion To Dismiss, Or, In The Alternative, For Summary Judgment (Docket No. 12) is ***granted***.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE